## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RONALD WATSON**                                                 **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO.: 1:22-cv-00271-TBM-RPM**

**MITCHELL R. PHILLIP, et al.**                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

On October 3, 2022, Plaintiff Ronald Watson, proceeding *pro se* and *in forma pauperis*, filed this Complaint under 42 U.S.C. § 1983, alleging that he was sexually assaulted by other inmates while housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. Plaintiff claims that Defendant Officer Mitchell R. Phillip is liable for failing to protect him and that Defendants Sheriff Troy Peterson and Harrison County, Mississippi, are liable for maintaining unconstitutional conditions of confinement. On December 6, 2022, Plaintiff filed a Notice of Change of Address, indicating that he had been released from custody. Notice [16].

On January 10, 2023, the Court set the matter for a screening hearing on May 30, 2023, in Gulfport, Mississippi. Order [23]. The Order Setting Omnibus Hearing was mailed to Plaintiff at his last-known mailing address, which he had provided to the Court the month before. Notice [16]. The Order Setting Omnibus Hearing was not returned to the Court as undeliverable; Plaintiff presumably received the Order.

On May 30, 2023, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff's name was called in the courtroom three times without a response. The Courtroom Deputy then went into the hallway outside the courtroom to call Plaintiff's name three times, but she again received no response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building. Based on Plaintiff's failure

to appear at the hearing, for which he received notice, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Ronald Watson's Complaint under 42 U.S.C. § 1983 be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. An objecting party must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this 30th day of May, 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE